Kathy Bazoian Phelps, Esq. (CA Bar No. 155564)
Email: kphelps@diamondmccarthy.com
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone:   310/651-2997
*Admitted Pro Hac Vice*

Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@nelsonhoumand.com
NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: February 7, 2017*

[Proposed] Counsel for Victoria L. Nelson, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ROBERT C. GRAHAM, LTD. fdba ROB GRAHAM & ASSOCIATES fdba LAWYERSWEST,<br><br>Debtor. | Case No. BK-S-16-16655-BTB<br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF PERSONAL PROPERTY TO KEN CHUPINSKY PURSUANT TO 11 U.S.C. § 363**<br><br>Date of Hearing:   March 16, 2017<br>Time of Hearing:   11:00 a.m.<br>Place: Courtroom No. 4, Second Floor<br>Foley Federal Building<br>300 Las Vegas Blvd., S.<br>Las Vegas, NV 89101<br><br>Judge: Honorable Bruce T. Beesley[1] |

VICTORIA L. NELSON, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through her proposed counsel of record, Kathy Bazoian

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U, Las Vegas, Nevada 89169
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

Phelps, Esq. of the law firm of Diamond McCarthy, LLP and Jacob L. Houmand, Esq. and Kyle J. Ortiz, Esq. of the law firm of Nelson & Houmand, P.C. files this *Motion to Approve Sale of Personal Property to Ken Chupinsky Pursuant to 11 U.S.C. § 363* (the "Motion").

The Motion is based on the following Memorandum of Points and Authorities and the *Declaration of Victoria L. Nelson In Support of the Motion to Approve Sale of Personal Property to Ken Chupinsky Pursuant to 11 U.S.C. § 363* (the "Nelson Declaration"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Motion is further based on the papers and pleadings on file in this case, and such other evidence that may be presented to the Court at the hearing on the Motion. Pursuant to Local Rule 6004(b)(3), a true and correct copy of the proposed order approving the Motion is attached hereto as **Exhibit "1"**.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion herein are Section 363 and FRBP 6004.

### II.    STATEMENT OF FACTS

1.    On December 15, 2016, an *Involuntary Bankruptcy Petition* [ECF No. 1][3] (the "Involuntary Petition") was filed against ROBERT C. GRAHAM, LTD., fdba ROB GRAHAM & ASSOCIATES fdba LAWYERSWEST (the "Debtor") pursuant to 11 U.S.C. § 303. The

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the above-referenced case as they appear on the docket maintained by the clerk of the court.

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U, Las Vegas, Nevada 89169
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

Involuntary Petition was filed by the Estate of Michael B. Macknin, the Sharona Dagani Trust, and the Margueritte Owens Revocable Trust (collectively, the "Petitioning Creditors"). *See* Nelson Declaration.

2. The filing of the Involuntary Petition against the Debtor followed numerous reports that the Debtor had neglected its clients and that its principal, Robert C. Graham, Esq. ("Mr. Graham"), had misappropriated funds from the Debtor's IOLTA Account. *See* Nelson Declaration.

3. Specifically, on December 9, 2016, the Nevada State Bar filed an *Emergency Petition for Temporary Suspension Pursuant to Supreme Court Rule 102(4)* (the "Emergency Petition") with the Supreme Court of the State of Nevada (Case No. 71849). The Emergency Petition sought a temporary suspension of Mr. Graham based upon his misappropriation of millions of dollars from more than fifty clients, guardianships, special needs trusts and estates. The Emergency Petition further details that Mr. Graham abruptly closed his practice and abandoned more than one hundred clients without providing them with any advance notice. *See* Nelson Declaration.

4. On December 16, 2016, the Petitioning Creditors filed a *Motion to Appoint Interim Trustee in Involuntary Case* [ECF No. 3] (the "Interim Trustee Motion"), which sought authority to appoint an interim trustee to take possession of property and to manage the business operations and assets of the Debtor. *See* Nelson Declaration.

5. On December 21, 2016, the Bankruptcy Court entered an *Order on Trustee Motion and Order for Relief under Chapter 7* [ECF No. 21] (the "Order for Relief"). The Order for Relief provided that the Debtor had consented to the filing of a bankruptcy petition and that the filing of the bankruptcy case was effective as of December 15, 2016 (the "Petition Date"). The Order for Relief further required that the Office of the United States Trustee (the "U.S. Trustee") appoint an Interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701. *See* Nelson Declaration.

6. On December 22, 2016, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 22]. *See* Nelson Declaration.

. . .

7. Since her appointment, the Trustee has visited the law offices of Mr. Graham located at 10000 W. Charleston Boulevard, Suite 140, Las Vegas, NV 89135 (the "Office"), and viewed various office furniture and equipment and various other related items (the "Personal Property") left on the premises. *See* Nelson Declaration.

8. The Trustee has determined that the Personal Property is in fact property of the above-referenced bankruptcy estate and, based on information and belief, that there are no liens against the Personal Property. *See* Nelson Declaration.

9. The landlord is unwilling to permit an internet auction to be conducted at the Office and has demanded that the Personal Property be removed as soon as possible. *See* Nelson Declaration.

10. Nellis Auction has indicated that they do not believe it is economical to be forced to remove the Personal Property and schedule an auction on premises. *See* Nelson Declaration.

11. Under the circumstances, the Trustee seeks to sell the Personal Property to Ken Chupinsky (the "Purchaser") in exchange for the payment of Two Thousand Five Hundred Dollars ($2,500.00). *See* Nelson Declaration.

12. Accordingly, the Trustee believes that the sale of the Property to the Purchaser is in the best interests of creditors because it will result in a significant recovery for the bankruptcy estate and should be approved pursuant to Section 363. *See* Nelson Declaration.

## IV.    LEGAL ARGUMENT

The Bankruptcy Code provides the authority for the Trustee to sell the Property free and clear of all liens, claims, encumbrances and interests. *See generally* 11 U.S.C. § 363. Section 363(b)(1) provides that a Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. This provision generally allows a trustee (subject to Court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment and the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). When a trustee articulates a reasonable basis

-4-

NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U, Las Vegas, Nevada 89169
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1987).

Section 363(f) further states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

In the instant matter, the landlord is demanding that the Personal Property be removed as soon as possible and Nellis Auction does not want to transport the Personal Property back to their warehouse. If not for the Two Thousand Five Hundred Dollar ($2,500) offer to purchase the Trustee would be forced to abandon the Personal Property. For these reasons the sale of the Personal Property is in the best interests of creditors because it will bring monies into the bankruptcy estate.

In addition to the other sale-related relief sought herein, the Trustee requests that the Court specifically find inapplicable any stays that might otherwise inhibit the Trustee's ability to close the proposed transaction for the sale of the Property immediately after the Court enters an order approving the transaction, including, without limitation, those arising under FRBP 6004.

Finally, the Trustee requests that the Court deem the Purchaser as good faith purchaser pursuant to Section 363(m). *In re Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988). The Trustee is further informed and believes that the Purchaser does not have any relationship or connections with the Debtor that would suggest that their offer to purchase the Property is not in good faith.

The Motion and supporting declarations have been served on (a) the Office of the United States Trustee, (b) the Debtors and their counsel, and (c) all parties requesting special notice. Notice of the Motion has also been served on all creditors and parties in interest. The Trustee

1  submits that no further notice is required.

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order Approving the Sale of the Personal Property free and clear of liens to Purchaser pursuant to Section 363; (2) waiving the application of any stays under FRBP 6004; and (3) for such other relied as the Court deems just and proper under the circumstances.

Dated this 7th day of February, 2017.

**NELSON & HOUMAND, P.C.**

By: */s/ Kyle J. Ortiz*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3370
Facsimile:    702/720-3371

—and—

**DIAMOND MCCARTHY LLP**

Kathy Bazoian Phelps, Esq. (CA Bar # 155564)
Email: kphelps@diamondmccarthy.com
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone:   310/651-2997

*[Proposed] Counsel for Chapter 7 Trustee*