1   Jacob L. Houmand, Esq. (NV Bar No. 12781)
    Email: jhoumand@houmandlaw.com
2   Kyle J. Ortiz, Esq. (NV Bar No. 14252)
    Email: kortiz@houmandlaw.com
3   HOUMAND LAW FIRM, LTD.
    9205 West Russell Road, Building 3, Suite 240
4   Las Vegas, NV 89148
    Telephone:    702/720-3370
5   Facsimile:    702/720-3371

6   *Counsel for Shelley D. Krohn, Chapter 7 Trustee*

7

| | |
|---|---|
| | *Electronically Filed On: March 15, 2019* |

8               **UNITED STATES BANKRUPTCY COURT**

9                       **DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.  BK-S-16-16655-BTB |
| | Chapter 7 |
| ROBERT C. GRAHAM, LTD. fdba ROB GRAHAM & ASSOCIATES fdba LAWYERS WEST, | |
| Debtor. | |
| SHELLEY D. KROHN, Chapter 7 Trustee, | Adv. Proc. No. |
| Plaintiff, | **COMPLAINT FOR (1) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) 26 U.S.C. §§ 6502 AND 6901 AND NRS CHAPTER 112; (2) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND NRS CHAPTER 112; (3) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B); (4) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A); (5) AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND THE FEDERAL DEBT COLLECTION PROCEDURES ACT (28 U.S.C. §§ 3301 THROUGH 3308); AND (6) RECOVERY OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 550** |
| v. | |
| BANK OF AMERICA, N.A., an individual; DOE Individuals 1-10; and ROE corporations 1-10, | |
| Defendants. | |
| | Judge:  Honorable Bruce T. Beesley |

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

-1-

Plaintiff Shelley D. Krohn, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case and plaintiff in the above-captioned adversary proceeding (alternatively, the "Trustee" or "Plaintiff"), by and through her counsel, Jacob L. Houmand, Esq. and Kyle J. Ortiz, Esq. of the Houmand Law Firm, Ltd., complains and alleges the following on information and belief against defendant Bank of America, N.A. (the "Defendant")[1]:

## I.    JURISDICTIONAL ALLEGATIONS

1.      This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.[2]

2.      This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case"). This Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C § 1334 and because the

---

[1] On or about December 4, 2018, the Plaintiff and the Defendant entered into a tolling agreement (the "Tolling Agreement") to extend the statute of limitations and statute of repose related to:

> [A]ny and all claims or causes of action that could be asserted by the Trustee or the Estate against [the Defendant] including, but not limited to the following: (a) any causes of action related to avoidance and recovery of the Transfers that the Trustee or the Estate has as of the Effective Date or acquires from any third-parties after the Effective Date; (b) any and all claims or causes of action arising under Chapter 5 of Title 11 of the United States Bankruptcy Code; (c) any claims or causes of action arising out of or related to the Transfers; and (d) any other claims or causes of action arising under state or federal law that can be asserted by the Trustee or the Estate against [the Defendant] regarding the Transfers . . .

The Tolling Agreement extended the deadline for the Trustee to file a complaint against the Defendant related to the aforementioned claims and causes of action through and including March 15, 2019. On December 5, 2018, the Plaintiff filed a *Stipulation to Approve Agreement to Toll Statute of Limitations and Statute of Repose* [ECF No. 343]. On December 6, 2018, the Court entered an *Order Approving Stipulation to Approve Agreement to Toll Statute of Limitations and Statute of Repose* [ECF No. 347].

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

issues raised in the action arise under Sections 544, 548, and 550 of the Bankruptcy Code and relate to the Bankruptcy Case.

3.    Venue is proper under 28 U.S.C. § 1409.

4.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

## II.    PARTIES

5.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 4 of the Complaint as though fully set forth herein.

6.    On December 22, 2016, Victoria L. Nelson ("Trustee Nelson") was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case.

7.    On January 13, 2018, Trustee Nelson died.

8.    On January 19, 2018, the Trustee was appointed as the successor Chapter 7 Trustee in the Debtor's bankruptcy case and has served in that capacity since her appointment.

9.    Upon information and belief, Defendant is a National Association doing business in Nevada and throughout the United States.

10.    Plaintiff is unaware of the identity of subsidiaries or affiliates of the Defendant that may be transferees of transfers sought to be avoided in this complaint and Plaintiff will amend this complaint to include such entities as they are discovered.

11.    The true names, identities, or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff. Plaintiff therefore sues and Doe and Roe Defendants by fictitious names. Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some manner for the acts, actions and omissions herein referred to; each of the Doe and Roe Defendants has proximately caused general and special damages to Plaintiff as herein alleged; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of any said Doe and Roe Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

### III.    GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**THE DEBTOR'S FRAUD AND INVOLUNTARY BANKRUPTCY FILING**

12.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13.    On December 15, 2016, an Involuntary Bankruptcy Petition [ECF No. 1][3] (the "Involuntary Petition") was filed against ROBERT C. GRAHAM, LTD., fdba ROB GRAHAM & ASSOCIATES fdba LAWYERSWEST (the "Debtor") pursuant to 11 U.S.C. § 303.

14.    Upon information and belief, Robert C. Graham ("Graham") is the principal of the Debtor and holds a one hundred percent (100%) ownership interest in the Debtor.

15.    The Involuntary Petition was filed by the Estate of Michael B. Macknin, the Sharona Dagani Trust, and the Margueritte Owens Revocable Trust (the "Petitioning Creditors").

16.    On December 16, 2016, the Petitioning Creditors filed a *Motion to Appoint Interim Trustee in Involuntary Case* [ECF No. 3] (the "Interim Trustee Motion"), which sought authority to appoint an interim trustee to take possession of property and to manage the business operations and assets of the Debtor.

17.    On December 21, 2016, the Bankruptcy Court entered an *Order on Trustee Motion and Order for Relief Under Chapter 7* [ECF No. 21] (the "Order for Relief").

18.    The Order for Relief provided that the Debtor had consented to the filing of a bankruptcy petition and that the filing of the bankruptcy case was effective as of December 15, 2016 (the "Petition Date").

19.    The Order for Relief further required that the Office of the United States Trustee (the "U.S. Trustee") appoint an Interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701.

20.    On December 22, 2016, Trustee Nelson was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 22].

. . .

---

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the Debtor's main bankruptcy case (Case Number BK-S-16-16655-BTB) as they appear on the docket maintained by the clerk of the court.

21.     Prior to the filing of the Involuntary Petition against the Debtor, on December 9, 2016, the Nevada State Bar filed an *Emergency Petition for Temporary Suspension Pursuant to Supreme Court Rule 102(4)* (the "Emergency Petition") with the Supreme Court of the State of Nevada (Case No. 71849).

22.     The Emergency Petition sought a temporary suspension of Graham, the principal of the debtor, based upon his misappropriation of millions of dollars from more than fifty clients, guardianships, special needs trusts, and estates.

23.     The Emergency Petition further details that Graham abruptly closed his practice and abandoned more than one hundred clients without providing them with any advance notice.

24.     Upon information and belief, through Graham's actions, the Debtor engaged in a massive fraud whereby recently deposited client funds that were commingled with Debtor's funds were used to pay obligations that arose from earlier clients as well as other third parties.

25.     On September 11, 2017, the Supreme Court of Nevada entered an order of irrevocable disbarment against Graham for misappropriating approximately $17,000,000.

26.     Graham has pleaded guilty to two felony counts of theft and three counts of exploitation of an older/vulnerable person (the "Guilty Plea"), has been ordered to pay over $16,000,000 in restitution to victims, and is currently serving a prison term of 16 to 40 years (the "Conviction").

27.     On December 22, 2016, Trustee Nelson was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case.

28.     On January 13, 2018, Trustee Nelson died.

29.     On January 19, 2018, the Trustee was appointed as the successor Chapter 7 Trustee in the Debtor's bankruptcy case and has served in that capacity since her appointment.

**DEBTOR'S FRAUDULENT TRANSFERS TO DEFENDANT**

30.     On or about December 10, 2010, Graham obtained a loan (Account Number 6298) from Defendant for the purchase of a 2011 Ford Super Duty F-250 (the "Ford Loan").

. . .

. . .

-5-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

31.    On or about September 27, 2014, Graham obtained a loan (Account Number 4971) from Defendant for the purchase of a 2014 BMW 750i xDrive Sedan (the "BMW Loan").

32.    Upon information and belief, the Ford Loan and the BMW Loan related to the purchase of vehicles that were exclusively used for the personal benefit of Graham.

33.    Upon information and belief, Graham maintained the following personal credit cards with Defendant: (1) Account Number 1191; (2) Account Number 4456; (3) Account Number 1418; (4) Account Number 9946; (5) Account Number 6741; (6) Account Number 5487; and (7) Account Number 7498 (collectively, the "Credit Card Accounts").

34.    Upon information and belief, Graham maintained a checking account (Account Number 5593) and savings account (Account Number 5603) with Defendant (the "Bank Accounts"). Collectively, the Ford Loan, the BMW Loan, the Credit Card Accounts, and the Bank Accounts shall be referred to as the "Graham Bank of America Obligations".

35.    Upon information and belief, the Graham Bank of America Obligations consisted of solely personal expenses incurred by Graham

36.    Upon information and belief, during the six-year period preceding the Debtor's bankruptcy filing, the Debtor paid approximately $410,549.83 (the "Transfers") of the Graham Bank of America Obligations directly from the Debtor's corporate bank account held at City National Bank, N.A. (Account 0987) (the "Operating Account"). The Transfers are more fully described in Exhibit "1", which is attached hereto.

37.    Plaintiff believes that there may be additional transfers made by the Debtor to Defendant on account of Graham's personal obligations and reserves the right to amend this Complaint to include any such transfers as they are discovered.

38.    Upon information and belief, at all times material hereto, there was and is at least one or more creditors who held and who hold unsecured claims against the Debtor (each as a "Predicate Creditor"):

. . .

. . .

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

| Creditor | Scheduled as Disputed by Debtor | Proof of Claim No. | Amount |
|---|---|---|---|
| Internal Revenue Service (the "IRS") | No | 5-1 | $ 35,002.62 |
| Estate of Vicente Cabrera | No | 60-1 | $ 265,048.44 |
| Estate of Donna Cole | No | 31-1 | $276,049.01 |

**BADGES OF FRAUD RELATED TO THE TRANSFERS WITH THE DEFENDANT**

39.    Multiple badges of fraud are present with respect to the Transfers with the Defendant, including the following:

- Debtor was insolvent during the period of the Transfers;

- Debtor had incurred and was continuing to incur, substantial debt while it was making payments to the Defendant;

- Debtor, through Graham, made false statements and falsified financial statements to cover up its fraudulent actions;

- The Transfers were made while Debtor was under threat of potential lawsuits. Had Debtor's clients and/or creditors discovered the fraud, the Debtor and its principals would have been subject to numerous lawsuits. In fact, American Express commenced a lawsuit on September 16, 2016, against the Debtor and Graham seeking to collect on an outstanding balance of $150,559.56;

- Debtor incurred the obligations and made the Transfers described herein for less than reasonably equivalent value;

- The general chronology of events and the transactions under inquiry indicate the intent to defraud. The Debtor would use funds recently deposited from new or later clients to pay off exiting obligations owed to prior clients and third parties;

- Debtor was aware of its clients' and/ or creditors' claims against the company and that the Debtor was incapable of paying those claims.

## IV.    FIRST CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. 544(b), 26 U.S.C. §§ 6502 and 6901, and N.R.S. Chapter 112)**

40.    Plaintiff incorporates and realleges paragraphs 1 through 39, as though fully set forth herein.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

41. The Transfers constitute a transfer within the meaning of 11 U.S.C. § 101(54).

42. At the time of the filing of the Debtor's bankruptcy petition, the Predicate Creditors each held an allowable unsecured claim under 11 U.S.C. § 502.

43. The Transfers constitutes a transfer of property by the Debtor or obligations incurred by the Debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

44. At the time of the Petition Date, the IRS held an allowable unsecured claim under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

45. The Internal Revenue Code provides the I.R.S. with authority to avoid transfers that are avoidable under state law that occurred within ten years of the assessment of taxes.

46. The IRS is a predicate creditor through whom Plaintiff can assert derivative standing within the meaning of Section 544(b) and avoid any transfers pursuant to 26 U.S.C. §§ 6502 and 6901 and N.R.S. Chapter 112.

47. The Transfers occurred within ten years of the assessment of taxes identified in the proof of claim filed by the I.R.S. *See* 26 U.S.C. § 6502(a)(1); *In re Kipnis*, No. 14-11370-RAM, 2016 WL 4543772 (Bankr. S.D. Fla. Aug. 31, 2016) (holding that Section 6502(a)(1) of the Internal Revenue Code establishes a ten-year deadline for the IRS to collect taxes and the trustee has the right to step into the shoes of the I.R.S. and utilize the 10-year statute of limitations period); *Ebner v. Kaiser (In re Kaiser)*, 525 B.R. 697 (Bankr. N.D. Ill. 2014); *Finkel v. Polichuk (In re Polichuk)*, No. 10–003ELD, 2010 WL 4878789 (Bankr. E.D. Pa. Nov. 23, 2010); *Alberts v. HCA Inc. (In re Greater Southeast Cmty. Hosp. Corp. I)*, 365 B.R. 293 (Bankr. D.D.C. 2006); *Shearer v. Tepsic (In re Emergency Monitoring Technologies, Inc.)*, 347 B.R. 17 (Bankr. W.D. Pa. 2006); *Osherow v. Porras (In re Porras)*, 312 B.R. 81 (Bankr. W.D. Tex. 2004).

48. Under applicable Nevada law, the Transfers constitute the transfer of interests of the Debtor in property, or an obligation incurred by the Debtor, during the relevant statutory period, and the Debtor (a) received less than a reasonably equivalent value in exchange for such transfers or obligations; and (b) was insolvent on the date that such transfers were made or such

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

-8-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

obligations were incurred, or became insolvent as a result of such transfers or obligations, or (c) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or  (d) intended to incur, or believed that the debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured. *See Mukamal v. Citibank (In re Kipnis)*, 555 B.R. 877, 883 (Bankr. S.D. Fla. 2016) ("[T]he language in § 544(b) is clear and allows the Trustee . . . to step into the shoes of the IRS to take advantage of the ten-year collection period in 26 U.S.C. § 6502.").

49.      The Debtor was insolvent at that time of the Transfers or became insolvent as a result of the Transfers.

50.      Plaintiff is entitled to avoid and recover the Transfers for the bankruptcy estate as would an unsecured creditor pursuant to the bankruptcy code.

51.      The Transfers are avoidable and can be recovered by Plaintiff pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.

52.      It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

53.      Plaintiff reserves the right to supplement this Complaint to plead additional claims for relief.

## V.      SECOND CLAIM FOR RELIEF

### (Avoidance of Actual Fraudulent Transfers Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112)

54.      Plaintiff incorporates and realleges paragraphs 1 through 53, as though fully set forth herein.

55.      The Transfers constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

56.      At the time of the filing of the Debtor's bankruptcy petition, the Predicate Creditors each held an allowable unsecured claim under 11 U.S.C. § 502.

57.      The Transfers constitute a transfer of property by the Debtor or obligations incurred by the Debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544

1    (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser

2    described in 11 U.S.C. § 544 (a)(3).

3        58.    Under applicable Nevada Law, the Transfers constitute the transfer of interests of

4    the Debtor in property, or an obligation incurred by the Debtor, during the relevant statutory

5    period. *See Mukamal v. Citibank (In re Kipnis)*, 555 B.R. 877, 883 (Bankr.  S.D. Fla. 2016)

6    ("[T]he language in § 544(b) is clear and allows the Trustee . . . to step into the shoes of the IRS

7    to take advantage of the ten-year collection period in 26 U.S.C. § 6502.").

8        59.    The Transfers were made as part of and in furtherance of the fraud conducted by

9    the Debtor through Graham whereby the Debtor would utilize recently deposited client funds that

10   were commingled with the Debtor's funds to pay obligations incurred by earlier clients and other

11   third-parties. This pattern of utilizing new money to fulfill earlier obligations owed to clients and

12   other third-parties constitutes a Ponzi scheme or similar fraud whereby funds received from later

13   clients were used to fund prior obligations.

14       60.    Moreover, Graham's Guilty Plea and Conviction evidences the Debtor's intent to

15   defraud its creditors through the fraudulent scheme.

16       61.    As stated above, there are a multitude of badges of fraud present with respect to

17   the transactions with the Defendant. The existence and sheer number of the badges of fraud

18   present in this matter indicate that Debtor intended to hinder, delay, or defraud its creditors in

19   entering into and making the Transfers.

20       62.    Upon information and belief, the Transfers were made with actual intent to hinder,

21   delay, or defraud any entity to which the debtor was or became, on or after the date that such

22   transfer was made or such obligation was incurred, indebted.

23       63.    The Transfers avoidable and can be recovered by Plaintiff pursuant to 11

24   U.S.C. § 544(b) and N.R.S. Chapter 112.

25       64.    It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff

26   is entitled to legal fees and costs.

27       65.    Plaintiff reserves the right to supplement this Complaint to plead additional claims

28   for relief.

-10-

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

## VI.    THIRD CLAIM FOR RELIEF

### (Avoidance of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)

66.    Plaintiff incorporates and realleges paragraphs 1 through 65, as though fully set forth herein.

67.    Upon information and belief, the amount of Transfers received by Defendant in the two-year period preceding the Petition Date was $114,695.65 (the "Limited Transfers").

68.    The Limited Transfers constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

69.    The Debtor received less than reasonably equivalent value in exchange for the Transfers.

70.    The Limited Transfers occurred at a time when the Debtor was (a) insolvent or became insolvent as a result of the Transfers; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (c) intended to incurred, or believed it would incur, debts that would be beyond its ability as such debts matured.

71.    The Limited Transfers were made within two (2) years of the Petition Date.

72.    It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

73.    Plaintiff reserves the right to supplement this Complaint to plead additional claims for relief.

## VII.    FOURTH CLAIM FOR RELIEF

### (Avoidance of Actual Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A)

74.    Plaintiff incorporates and realleges paragraphs 1 through 73, as though fully set forth herein.

75.    The Limited Transfers constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

76.    The Limited Transfers were made as part of and in furtherance of the fraud conducted by the Debtor through Graham whereby the Debtor would utilize recently deposited

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

client funds that were commingled with the Debtor's funds to pay obligations incurred by earlier clients and other third-parties.

77.     This pattern of utilizing new money to fulfill earlier obligations owed to clients and other third-parties constitutes a Ponzi scheme or similar fraud whereby funds received from later clients were used to fund prior obligations.

78.     Moreover, Graham's Guilty Plea and Conviction evidences the Debtor's intent to defraud its creditors through the fraudulent scheme.

79.     As stated above, there are a multitude of badges of fraud present with respect to the transactions with the Defendant. The existence and sheer number of the badges of fraud present in this matter indicate that Debtor intended to hinder, delay, or defraud its creditors in entering into and making the Transfers.

80.     Upon information and belief, Limited Transfers were made with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

81.     The Limited Transfers were made within two (2) years of the Petition Date.

82.     It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

83.     Plaintiff reserves the right to supplement this Complaint to plead additional claims for relief.

## VIII.   FIFTH CLAIM FOR RELIEF

### (Avoidance of Transfers Pursuant to 11 U.S.C. 544(b) and the Federal Debt Collection Procedures Act (28 U.S.C. §§ 3301 Through 3308)

84.     Plaintiff incorporates and realleges paragraphs 1 through 83, as though fully set forth herein.

85.     The proof of claim filed by the IRS is a "debt" as defined in 28 U.S.C. § 3002(3).

86.     The Defendant received the Transfers within the six-year period preceding the Petition Date.

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

87. Exercising the rights of the IRS as an actual claim holder, the Trustee may recover under the Federal Debt Collections Procedures Act, 28 U.S.C. §§ 3301-3308.

88. The Transfers were made without the Debtor receiving a reasonably equivalent value in exchange for the transfer or obligation and the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business.

89. The Transfers were made without the Debtor receiving a reasonably equivalent value in exchange for the transfer or obligation and the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

90. Plaintiff believes that the Defendant have received additional fraudulent transfers and reserves the right to supplement this Complaint to plead additional claims for relief.

## IX.    SIXTH CLAIM FOR RELIEF

### (Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550)

91. Plaintiff incorporates and realleges paragraphs 1 through 90, as though fully set forth herein.

92. The Transfers, including the Limited Transfers, are avoidable transfers pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 548.

93. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under Section 544 of the Bankruptcy Code, Plaintiff is entitled to recover for the benefit of the estate the property transferred, or the value of the property transferred from the initial transferee of such transfers, or the entity for whose benefit the transfer was made.

94. Defendant was the initial transferee of the Transfers, including the Limited Transfers, or in the alternative, Defendant was either the entity for whose benefit the Transfers, including the Limited Transfers, were made or was the immediate or mediate transferee of the initial transferee receiving the Transfers, including the Limited Transfers.

. . .

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

95.    To the extent it is determined that Defendant is an immediate or mediate transferee of the Transfers, Defendant did not take for value, in good faith, or without knowledge of the voidability of the transfer of the Transfers, including the Transfers.

96.    The Plaintiff is entitled to a judgment under 11 U.S.C. § 550(a), recovering the Transfers, including the Transfers, for the benefit of the Debtor's bankruptcy estate.

97.    Plaintiff reserves the right to supplement this Complaint to plead additional transfers and claims for relief.

WHEREFORE, Plaintiff prays for relief as follows:

1.    With respect to the first claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers for the benefit of Debtor's bankruptcy estate as constructive fraudulent transfers pursuant to 11 § 544(b) and N.R.S. Chapter 112.

2.    With respect to the second claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers for the benefit of Debtor's bankruptcy estate as actual fraudulent transfers pursuant to 11 § 544(b) and N.R.S. Chapter 112.

3.    With respect to the third claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Limited Transfers for the benefit of Debtor's bankruptcy estate as constructive fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

4.    With respect to the fourth claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Limited Transfers for the benefit of Debtor's bankruptcy estate as actual fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

5.    With respect to the fifth claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers pursuant to 11 U.S.C. 544(b) and the Federal Debt Collection Procedures Act (28 U.S.C. §§ 3301 Through 3308).

6.    With respect to the sixth claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers, including the Limited Transfers for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550.

7.    For attorneys' fees and costs of suit in an amount to be determined in this Adversary Proceeding.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

8.    For such other relief as this Court may deem just and proper.

Dated this 15th day of March, 2019.

HOUMAND LAW FIRM, LTD.


By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

-15-

# EXHIBIT "1"

Robert C. Graham Ltd
Payments to Bank of America
2010 - 2016

| Date | Check Number | Payment Amount | Source of Payment |
|------|------|------|------|
| 01/05/10 | | $ 1,000.00 | City National Bank 0987 |
| 01/12/10 | | $ 500.00 | City National Bank 0987 |
| 01/26/10 | | $ 500.00 | City National Bank 0987 |
| 03/05/10 | | $ 1,000.00 | City National Bank 0987 |
| 03/16/10 | | $ 1,000.00 | City National Bank 0987 |
| 04/06/10 | | $ 350.00 | City National Bank 0987 |
| 04/13/10 | | $ 1,000.00 | City National Bank 0987 |
| 04/16/10 | | $ 20,000.00 | City National Bank 0987 |
| 06/29/10 | | $ 1,000.00 | City National Bank 0987 |
| 07/09/10 | | $ 2,500.00 | City National Bank 0987 |
| 08/09/10 | | $ 1,000.00 | City National Bank 0987 |
| 09/08/10 | | $ 589.00 | City National Bank 0987 |
| 09/14/10 | | $ 500.00 | City National Bank 0987 |
| 10/06/10 | | $ 500.00 | City National Bank 0987 |
| 11/10/10 | | $ 100.00 | City National Bank 0987 |
| 11/16/10 | | $ 1,500.00 | City National Bank 0987 |
| 11/17/10 | | $ 10,000.00 | City National Bank 0987 |
| 11/30/10 | | $ 2,000.00 | City National Bank 0987 |
| 01/05/11 | | $ 400.00 | City National Bank 0987 |
| 01/26/11 | | $ 5,000.00 | City National Bank 0987 |
| 02/04/11 | | $ 1,500.00 | City National Bank 0987 |
| 02/07/11 | | $ 2,000.00 | City National Bank 0987 |
| 02/11/11 | | $ 3,000.00 | City National Bank 0987 |
| 02/23/11 | | $ 900.00 | City National Bank 0987 |
| 03/15/11 | | $ 1,000.00 | City National Bank 0987 |
| 03/24/11 | | $ 900.00 | City National Bank 0987 |
| 03/25/11 | | $ 2,000.00 | City National Bank 0987 |
| 04/07/11 | | $ 2,000.00 | City National Bank 0987 |
| 04/25/11 | | $ 2,000.00 | City National Bank 0987 |
| 04/27/11 | | $ 1,000.00 | City National Bank 0987 |
| 05/02/11 | | $ 11,000.00 | City National Bank 0987 |
| 06/08/11 | | $ 439.00 | City National Bank 0987 |
| 06/14/11 | | $ 1,500.00 | City National Bank 0987 |
| 06/23/11 | | $ 500.00 | City National Bank 0987 |
| 07/01/11 | | $ 1,000.00 | City National Bank 0987 |
| 07/29/11 | | $ 1,000.00 | City National Bank 0987 |
| 08/02/11 | | $ 2,500.00 | City National Bank 0987 |
| 08/03/11 | | $ 1,000.00 | City National Bank 0987 |
| 08/15/11 | | $ 1,000.00 | City National Bank 0987 |
| 08/23/11 | | $ 600.00 | City National Bank 0987 |
| 09/01/11 | | $ 500.00 | City National Bank 0987 |
| 09/09/11 | | $ 2,000.00 | City National Bank 0987 |
| 09/28/11 | 6293 | $ 23,800.00 | City National Bank 1389 |
| 09/30/11 | | $ 2,500.00 | City National Bank 0987 |
| 10/03/11 | | $ 900.00 | City National Bank 0987 |
| 10/05/11 | | $ 500.00 | City National Bank 0987 |

Robert C. Graham Ltd
Payments to Bank of America
2010 - 2016

| Date | Check Number | Payment Amount | | Source of Payment |
|---|---|---|---|---|
| 10/17/11 | | $ | 2,000.00 | City National Bank 0987 |
| 10/31/11 | | $ | 850.00 | City National Bank 0987 |
| 11/21/11 | | $ | 1,000.00 | City National Bank 0987 |
| 12/06/11 | | $ | 500.00 | City National Bank 0987 |
| 12/13/11 | | $ | 750.00 | City National Bank 0987 |
| 12/21/11 | 6410 | $ | 246.52 | City National Bank 1389 |
| 12/21/11 | 6432 | $ | 60.55 | City National Bank 1389 |
| 12/27/11 | | $ | 500.00 | City National Bank 0987 |
| 12/28/11 | | $ | 900.00 | City National Bank 0987 |
| 01/12/12 | | $ | 1,000.00 | City National Bank 0987 |
| 01/17/12 | | $ | 2,000.00 | City National Bank 0987 |
| 02/14/12 | | $ | 1,500.00 | City National Bank 0987 |
| 02/22/12 | 6477 | $ | 419.69 | City National Bank 1389 |
| 02/23/12 | | $ | 1,000.00 | City National Bank 0987 |
| 02/28/12 | | $ | 1,000.00 | City National Bank 0987 |
| 02/29/12 | | $ | 1,000.00 | City National Bank 0987 |
| 03/07/12 | | $ | 4,000.00 | City National Bank 0987 |
| 04/10/12 | | $ | 1,000.00 | City National Bank 0987 |
| 04/13/12 | | $ | 1,000.00 | City National Bank 0987 |
| 04/13/12 | | $ | 1,000.00 | City National Bank 0987 |
| 04/19/12 | | $ | 2,500.00 | City National Bank 0987 |
| 05/01/12 | | $ | 1,000.00 | City National Bank 0987 |
| 05/02/12 | | $ | 1,000.00 | City National Bank 0987 |
| 05/08/12 | | $ | 1,500.00 | City National Bank 0987 |
| 06/06/12 | | $ | 525.00 | City National Bank 0987 |
| 06/12/12 | | $ | 1,000.00 | City National Bank 0987 |
| 06/13/12 | | $ | 1,300.00 | City National Bank 0987 |
| 06/14/12 | 6683 | $ | 8,000.00 | City National Bank 1389 |
| 07/09/12 | | $ | 500.00 | City National Bank 0987 |
| 07/17/12 | | $ | 350.00 | City National Bank 0987 |
| 07/17/12 | | $ | 1,000.00 | City National Bank 0987 |
| 08/10/12 | 6763 | $ | 138.89 | City National Bank 1389 |
| 08/14/12 | | $ | 400.00 | City National Bank 0987 |
| 08/27/12 | | $ | 1,000.00 | City National Bank 0987 |
| 08/28/12 | | $ | 750.00 | City National Bank 0987 |
| 09/05/12 | | $ | 2,000.00 | City National Bank 0987 |
| 09/12/12 | | $ | 1,000.00 | City National Bank 0987 |
| 10/02/12 | | $ | 1,000.00 | City National Bank 0987 |
| 10/02/12 | | $ | 1,000.00 | City National Bank 0987 |
| 10/16/12 | | $ | 1,000.00 | City National Bank 0987 |
| 10/18/12 | | $ | 1,000.00 | City National Bank 0987 |
| 10/19/12 | | $ | 1,000.00 | City National Bank 0987 |
| 10/31/12 | | $ | 1,002.00 | City National Bank 0987 |
| 11/09/12 | | $ | 1,000.00 | City National Bank 0987 |
| 11/20/12 | | $ | 550.00 | City National Bank 0987 |
| 12/12/12 | | $ | 1,000.00 | City National Bank 0987 |

Robert C. Graham Ltd
Payments to Bank of America
2010 - 2016

| Date | Check Number | Payment Amount | Source of Payment |
|---|---|---|---|
| 12/18/12 | | $ 1,000.00 | City National Bank 0987 |
| 01/03/13 | | $ 1,600.00 | City National Bank 0987 |
| 02/13/13 | | $ 1,500.00 | City National Bank 0987 |
| 03/01/13 | | $ 1,500.00 | City National Bank 0987 |
| 03/04/13 | | $ 1,000.00 | City National Bank 0987 |
| 03/15/13 | | $ 1,000.00 | City National Bank 0987 |
| 03/19/13 | 7183 | $ 39,729.76 | City National Bank 1389 |
| 03/29/13 | | $ 1,000.00 | City National Bank 0987 |
| 04/01/13 | | $ 1,000.00 | City National Bank 0987 |
| 04/04/13 | | $ 1,000.00 | City National Bank 0987 |
| 04/12/13 | | $ 1,000.00 | City National Bank 0987 |
| 04/30/13 | | $ 50.00 | City National Bank 0987 |
| 05/09/13 | | $ 500.00 | City National Bank 0987 |
| 05/10/13 | | $ 600.00 | City National Bank 0987 |
| 05/28/13 | | $ 1,100.00 | City National Bank 0987 |
| 05/30/13 | | $ 900.00 | City National Bank 0987 |
| 06/18/13 | | $ 500.00 | City National Bank 0987 |
| 07/08/13 | | $ 250.00 | City National Bank 0987 |
| 07/10/13 | | $ 1,000.00 | City National Bank 0987 |
| 07/22/13 | | $ 500.00 | City National Bank 0987 |
| 07/26/13 | | $ 19,100.00 | City National Bank 0987 |
| 08/07/13 | | $ 735.00 | City National Bank 0987 |
| 08/07/13 | | $ 1,600.00 | City National Bank 0987 |
| 09/03/13 | | $ 194.00 | City National Bank 0987 |
| 09/24/13 | | $ 900.00 | City National Bank 0987 |
| 10/18/13 | | $ 1,000.00 | City National Bank 0987 |
| 10/22/13 | 7652 | $ 56.57 | City National Bank 1389 |
| 10/30/13 | | $ 2,500.00 | City National Bank 0987 |
| 11/01/13 | | $ 1,000.00 | City National Bank 0987 |
| 11/04/13 | | $ 1,500.00 | City National Bank 0987 |
| 11/12/13 | | $ 500.00 | City National Bank 0987 |
| 11/25/13 | | $ 500.00 | City National Bank 0987 |
| 11/26/13 | | $ 250.00 | City National Bank 0987 |
| 12/20/13 | | $ 2,000.00 | City National Bank 0987 |
| 12/23/13 | | $ 800.00 | City National Bank 0987 |
| 12/24/13 | | $ 2,500.00 | City National Bank 0987 |
| 12/30/13 | | $ 1,250.00 | City National Bank 0987 |
| 01/08/14 | | $ 1,000.00 | City National Bank 0987 |
| 02/05/14 | | $ 3,000.00 | City National Bank 0987 |
| 02/06/14 | | $ 1,000.00 | City National Bank 0987 |
| 02/20/14 | | $ 2,500.00 | City National Bank 0987 |
| 03/17/14 | 8042 | $ 146.00 | City National Bank 1389 |
| 05/12/14 | | $ 1,500.00 | City National Bank 0987 |
| 05/14/14 | | $ 1.70 | City National Bank 0987 |
| 05/15/14 | | $ 1,000.00 | City National Bank 0987 |
| 05/19/14 | | $ 1,000.00 | City National Bank 0987 |

Robert C. Graham Ltd
Payments to Bank of America
2010 - 2016

| Date | Check Number | Payment Amount | Source of Payment |
|---|---|---|---|
| 07/07/14 | | $ 1,400.00 | City National Bank 0987 |
| 07/09/14 | | $ 2,000.00 | City National Bank 0987 |
| 08/05/14 | | $ 560.00 | City National Bank 0987 |
| 08/13/14 | | $ 1,000.00 | City National Bank 0987 |
| 08/14/14 | | $ 2,000.00 | City National Bank 0987 |
| 08/18/14 | | $ 2,500.00 | City National Bank 0987 |
| 08/20/14 | 8356 | $ 60.50 | City National Bank 1389 |
| 09/02/14 | | $ 500.00 | City National Bank 0987 |
| 09/04/14 | | $ 1,000.00 | City National Bank 0987 |
| 09/12/14 | | $ 1,000.00 | City National Bank 0987 |
| 09/19/14 | | $ 1,000.00 | City National Bank 0987 |
| 09/22/14 | | $ 1,000.00 | City National Bank 0987 |
| 10/16/14 | | $ 1,500.00 | City National Bank 0987 |
| 10/17/14 | | $ 1,000.00 | City National Bank 0987 |
| 11/17/14 | | $ 1,000.00 | City National Bank 0987 |
| 11/28/14 | | $ 500.00 | City National Bank 0987 |
| 12/03/14 | | $ 1,000.00 | City National Bank 0987 |
| 12/09/14 | | $ 750.00 | City National Bank 0987 |
| 12/12/14 | | $ 100.00 | City National Bank 0987 |
| 12/16/14 | | $ 5,000.00 | City National Bank 0987 |
| 12/18/14 | | $ 1,000.00 | City National Bank 0987 |
| 12/18/14 | | $ 1,500.00 | City National Bank 0987 |
| 01/05/15 | | $ 650.00 | City National Bank 0987 |
| 01/09/15 | | $ 800.00 | City National Bank 0987 |
| 01/12/15 | | $ 1,200.00 | City National Bank 0987 |
| 01/22/15 | | $ 500.00 | City National Bank 0987 |
| 01/23/15 | | $ 1,000.00 | City National Bank 0987 |
| 02/17/15 | | $ 250.00 | City National Bank 0987 |
| 02/18/15 | | $ 500.00 | City National Bank 0987 |
| 02/26/15 | | $ 4,000.00 | City National Bank 0987 |
| 02/27/15 | | $ 1,300.00 | City National Bank 0987 |
| 03/16/15 | | $ 1,500.00 | City National Bank 0987 |
| 04/08/15 | | $ 500.00 | City National Bank 0987 |
| 04/13/15 | | $ 500.00 | City National Bank 0987 |
| 04/15/15 | | $ 1,000.00 | City National Bank 0987 |
| 04/21/15 | | $ 1,350.00 | City National Bank 0987 |
| 04/30/15 | | $ 500.00 | City National Bank 0987 |
| 05/04/15 | | $ 350.00 | City National Bank 0987 |
| 06/01/15 | | $ 1,000.00 | City National Bank 0987 |
| 06/09/15 | | $ 800.00 | City National Bank 0987 |
| 06/11/15 | | $ 500.00 | City National Bank 0987 |
| 06/15/15 | | $ 2,500.00 | City National Bank 0987 |
| 06/17/15 | | $ 900.00 | City National Bank 0987 |
| 06/19/15 | | $ 17,584.94 | City National Bank 0987 |
| 06/24/15 | | $ 15,295.36 | City National Bank 0987 |
| 06/26/15 | | $ 2,661.90 | City National Bank 0987 |

Robert C. Graham Ltd
Payments to Bank of America
2010 - 2016

| Date | Check Number | Payment Amount | Source of Payment |
|---|---|---|---|
| 08/07/15 | | $ 3,000.00 | City National Bank 0987 |
| 09/04/15 | | $ 375.00 | City National Bank 0987 |
| 09/08/15 | | $ 1,500.00 | City National Bank 0987 |
| 09/15/15 | | $ 1,000.00 | City National Bank 0987 |
| 10/07/15 | | $ 1,000.00 | City National Bank 0987 |
| 10/28/15 | | $ 750.00 | City National Bank 0987 |
| 10/29/15 | | $ 1,500.00 | City National Bank 0987 |
| 11/06/15 | | $ 100.00 | City National Bank 0987 |
| 11/16/15 | | $ 5,000.00 | City National Bank 0987 |
| 11/18/15 | | $ 2,200.00 | City National Bank 0987 |
| 01/04/16 | | $ 500.00 | City National Bank 0987 |
| 01/05/16 | | $ 350.00 | City National Bank 0987 |
| 01/13/16 | | $ 1,500.00 | City National Bank 0987 |
| 01/29/16 | | $ 1,500.00 | City National Bank 0987 |
| 02/04/16 | | $ 1,300.00 | City National Bank 0987 |
| 02/10/16 | | $ 500.00 | City National Bank 0987 |
| 02/16/16 | | $ 1,500.00 | City National Bank 0987 |
| 02/24/16 | | $ 40.00 | City National Bank 0987 |
| 03/03/16 | | $ 350.00 | City National Bank 0987 |
| 03/07/16 | | $ 1,500.00 | City National Bank 0987 |
| 03/11/16 | | $ 2,500.00 | City National Bank 0987 |
| 03/15/16 | | $ 1,323.45 | City National Bank 0987 |
| 03/22/16 | | $ 100.00 | City National Bank 0987 |
| 03/23/16 | | $ 500.00 | City National Bank 0987 |
| 03/30/16 | | $ 1,000.00 | City National Bank 0987 |
| 04/07/16 | | $ 1,000.00 | City National Bank 0987 |
| 04/18/16 | | $ 1,000.00 | City National Bank 0987 |
| 04/25/16 | | $ 1,500.00 | City National Bank 0987 |
| 05/12/16 | | $ 750.00 | City National Bank 0987 |
| 05/17/16 | | $ 750.00 | City National Bank 0987 |
| 06/10/16 | | $ 500.00 | City National Bank 0987 |
| 06/17/16 | | $ 500.00 | City National Bank 0987 |
| 06/22/16 | | $ 500.00 | City National Bank 0987 |
| 07/07/16 | | $ 150.00 | City National Bank 0987 |
| 07/08/16 | | $ 1,000.00 | City National Bank 0987 |
| 07/15/16 | | $ 250.00 | City National Bank 0987 |
| 08/04/16 | | $ 500.00 | City National Bank 0987 |
| 08/19/16 | | $ 1,000.00 | City National Bank 0987 |
| 08/19/16 | | $ 1,400.00 | City National Bank 0987 |
| 09/16/16 | | $ 588.00 | City National Bank 0987 |
| 10/07/16 | | $ 1,000.00 | City National Bank 0987 |
| 10/07/16 | | $ 2,500.00 | City National Bank 0987 |
| 10/19/16 | | $ 350.00 | City National Bank 0987 |
| 10/25/16 | | $ 350.00 | City National Bank 0987 |
| 11/16/16 | | $ 750.00 | City National Bank 0987 |
| 11/18/16 | | $ 2,627.00 | City National Bank 0987 |

Robert C. Graham Ltd
Payments to Bank of America
2010 - 2016

| Date | Check Number | Payment Amount | | Source of Payment |
|---|---|---|---|---|
| 12/02/16 | | $ | 200.00 | City National Bank 0987 |
| | **Total** | **$** | **410,549.83** | |